IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **YESVIDEO, INC.,** § | |
| § | Civil Action No.2:15-cv-809 |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| **IMEMORIES, INC.,** § | |
| § | |
| *Defendant*. § | |
| § | |
| § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

YesVideo, Inc. ("YesVideo," "Plaintiff") files this Original Complaint and demand for jury trial seeking relief for patent infringement by iMemories, Inc. ("iMemories," "Defendant"). YesVideo alleges the following:

## NATURE OF THE ACTION

1.      Since 1999, YesVideo has been a trusted resource for home movie transfer services. YesVideo has helped over 8 million families transfer their home movies stored on personal film (8mm, 16mm, VHS, Beta, etc.), prints, slides and photo albums to digital content that can be accessed with an app, online, or on a DVD.

2.      YesVideo provides its services to families both online and through over 30,000 retail locations across the United States.  Using advanced conversion and cloud technology, YesVideo digitizes and preserves online petabytes of videos and photos for its customers. YesVideo is the industry leader in the home video digitizing market and its services are available to consumers in the United States, Canada, France, Germany, India, Japan, the Netherlands, and Portugal.

3. YesVideo has invested heavily in research and development and its commitment to innovation is a major reason for the high quality of YesVideo's products and services and for its market leadership position. YesVideo has engineered valuable processes to ensure the transferring of home movies is efficient, convenient, and secure. YesVideo employs developers who are committed to creating solutions that provide customers with the best and most convenient experience possible, particularly in editing their home videos online for distribution to family and friends.

4. iMemories also provides an online service for editing, preserving, and distributing home videos, but does so using YesVideo's patented technology. iMemories has never licensed any of YesVideo's patents and its ongoing infringement of the YesVideo patent identified in this Complaint is unlawful and in violation of Title 35, Chapter 28, Section 271 of the United States Code.

5. iMemories takes active steps to promote and encourage the use of its infringing services. iMemories provides online services which are used to edit videos, including by trimming segments of videos, and distribute them in a manner that infringes one or more claims of the patent asserted herein. iMemories promotes these services on its website. iMemories also promotes these services through its authorized retailers, including at least the UPS Store and Walgreens.

6. iMemories and/or its authorized retailers operate stores throughout the United States, including operating stores in this District, such as in Longview, Texas and Marshall, Texas. Many of these stores, on information and belief, promote the use of iMemories infringing services and products by selling, and/or offering for sale services and/or products that promote the use of the patented digital editing and distribution methods. Many of these stores, on

information and belief, also specifically advertise the use of iMemories infringing features and methods and supply iMemories' promotional materials to customers.

7. On information and belief, iMemories actively induces infringement by others as shown by the fact that iMemories partners with its authorized retailers to operate physical retail locations throughout the United States, including in this District, such as the UPS Stores in Longview, Texas and Marshall, Texas. On information and belief, iMemories intends for these authorized retailer locations to promote the use of iMemories infringing services and/or products by encouraging and facilitating the use of iMemories' online digital editing and distribution methods.

8. On information and belief, iMemories operates and offers for use in the United States an interactive website that promotes iMemories' infringing services and products by selling, offering for sale, and/or using the patented digital editing and distribution methods including, but not limited to the internet webpages listed as follows: https//www.imemories.com/; https://www.i-memories.net/; https://www.imemories.com/getstarted; http://www.imemories.com/features; http://www.imemories.com/whyimemories. These webpages include access links that permit iMemories' customers to interact with the iMemories' online service and through which iMemories practices the patented digital editing and distribution methods.

## **THE PARTIES**

9. Plaintiff YesVideo, Inc. is a Delaware corporation, with its principal place of business located at 2805 Bowers Avenue, Suite 130, Santa Clara, CA 95051.

10. On information and belief, Defendant iMemories, Inc., is a Delaware corporation, with its principal place of business at 9181 East Bell Road, Scottsdale, Arizona 85260.

11. Defendant is doing business, directly and/or through intermediaries, in the United States and, more particularly, in the State of Texas and the Eastern District of Texas, by offering services and performing methods that infringe the patent claims involved in this action and by transacting business in this District. Defendant targets its infringing activities to the residents of the Eastern District of Texas through both its interactive website and its marketing and sales relationships with physical retail locations within the District.

## JURISDICTION AND VENUE

12. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et. seq. This Court has subject matter jurisdiction pursuant to U.S.C. §§ 1331 and 1338(a).

13. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

14. Defendant has conducted and does conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through intermediaries, resellers or agents, by offering for sale, selling, and advertising (including through the use of interactive web pages with promotional material and through the locations of its retail partners who provide promotional material to residents of this District) services and/or products that infringe the asserted patents.

15. Specifically, Defendant solicits business from and markets its products to consumers within Texas by working with retailers with physical stores in Texas to provide and promote access for consumers to the infringing services provided by iMemories.

16. In addition to Defendant's continuously and systematically conducting business in Texas, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including Defendant's offering for sale, and selling services for digital video editing and distribution that fall within the scope of at least one claim of the '894 patent.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT I: INFRINGEMENT OF
## U.S. PATENT NO. 8,867,894

18. On October 21, 2014, the USPTO duly and legally issued U.S. Patent No. 8,867,894 ("the '894 Patent"), titled "Video Processing System." YesVideo is the owner of the '894 Patent, having received all rights, titles and interests in and to the '894 Patent. YesVideo possesses all rights of recovery under the '894 Patent, including the exclusive right to recover for past infringement. The '894 Patent is valid and enforceable.

19. The '894 Patent contains three independent claims and 23 dependent claims. Defendant practices methods that perform all the steps recited in at least one claim of the '894 Patent, and also makes, uses, sells and/or offers to sell products made by practicing at least one claim of the '894 Patent..

20. In violation of 35 U.S.C. § 271, iMemories has been, and continues to, infringe and/or induce others to infringe one or more of the claims of the '894 Patent by, among other

things, making, using, offering for sale, and/or selling services and products that infringe one or more claims of the '894 Patent. Such unlicensed systems, products, and/or services include, by way of example and without limitation, iMemories process for editing and distributing video content and iMemories' DVDs and other digital content created using this process.

21. By way of at least this Complaint, iMemories knows of the '894 Patent and performs acts that it knows, or should know, induce direct infringement of one or more of the '894 Patent's claims by third parties. On information and belief, iMemories' acts of infringement have been conducted with knowledge that the technology iMemories derived from YesVideo was protected by the '894 Patent, which has been duly issued by the USPTO and is presumed valid. Thus, iMemories acted with an objectively high likelihood that its services infringe YesVideo's valid patents, and that risk was known to iMemories. As such, iMemories acts of infringement have been, and continue to be willful so as to warrant the enhancement of damages awarded as a result of its infringement.

22. As a result of Defendant's infringement of the '894 Patent, YesVideo has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

23. YesVideo will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, YesVideo is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

24. iMemories infringes and will continue to infringe the '894 Patent unless enjoined by the court. YesVideo has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its officers, directors,

agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with it from directly or indirectly infringing the '894 Patent.

## DEMAND FOR JURY TRIAL

25. YesVideo demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

1. WHEREFORE, YesVideo requests the following relief:

2. That Defendant be adjudged to have infringed the asserted patents, directly and/or indirectly, by way of inducement, literally and/or under the doctrine of equivalents;

3. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the asserted patent;

4. A judgment that Defendant's infringement of the asserted patents has been willful;

5. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate YesVideo for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

6. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

7. That Defendant be directed to pay enhanced damages, including YesVideo's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

8. That YesVideo have such other and further relief as this Court may deem just and proper.

Dated: May 21, 2015          Respectfully submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith
TX Bar No. 24001351
GILLIAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

David M. Barkan
CA Bar No. 160825
dbarkan@fr.com
Emily Nicole Petersen
CA Bar No. 302038
petersengarff@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

*Counsel for Plaintiff*
*YESVIDEO, INC.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 21, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith
